**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DS SMITH PLASTICS LIMITED and RAPAK, LLC, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>PLASCON PACKAGING, INC., )<br>BRINKER INTERNATIONAL, INC., )<br>and THE WASSERSTROM )<br>COMPANY. )<br>)<br>Defendants. ) | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, DS Smith Plastics Limited and Rapak, LLC, for their Complaint against Defendants, Plascon Packaging, Inc., Brinker International, Inc., and The Wasserstrom Company, allege as follows:

**THE PARTIES**

1. Plaintiff DS Smith Plastics Limited is a corporation organized under laws of England & Wales and has a business address at 350 Euston Road, London NW1 3AX, United Kingdom. DS Smith Plastics Limited is referred to herein as "DS Smith" or, when collectively referred to with the other plaintiff, "Plaintiffs."

2. Plaintiff Rapak, LLC is a limited liability company organized under the laws of the State of Illinois and has a principal place of business at 1201 Windham Parkway, Romeoville, Illinois 60446. Rapak, LLC is referred to herein as "Rapak" or, when collectively referred to with the other plaintiff, "Plaintiffs." Rapak is an affiliate of DS Smith.

3. Defendant Plascon Packaging, Inc. is a corporation organized under the laws of the State of Michigan and has a principal place of business at 2375 Traversefield Drive, Traverse City, Michigan 49686. Plascon Packaging, Inc. does business under the assumed name of Plascon Food Solutions and/or Plascon Group. Plascon Packaging, Inc., Plascon Food Solutions, and Plascon Group are referred to herein as "Plascon" or, when collectively referred to with the other defendants, "Defendants."

4. Defendant Brinker International, Inc. is a corporation organized under the laws of the State of Delaware and has a principal place of business at 6820 LBJ Freeway, Dallas, Texas 75240. Brinker International, Inc. does business through its restaurant brands, Chili's Grill & Bar and Maggiano's Little Italy. Brinker International, Inc., Chili's Grill & Bar, and Maggiano's Little Italy are referred to herein as "Brinker" or, when collectively referred to with the other defendants, "Defendants."

5. Defendant The Wasserstrom Company is a corporation organized under the laws of the State of Ohio and has a principal place of business at 477 South Front Street, Columbus, Ohio 43215. The Wasserstrom Company is referred to herein as "Wasserstrom" or, when collectively referred to with the other defendants, "Defendants."

## JURISDICTION AND VENUE

6. This action is for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

7. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Brinker at least because Brinker regularly does business in Illinois, including through more than 20 restaurants in the Northern

District of Illinois within 25 miles of the city of Chicago, and Brinker makes and/or uses infringing products and methods in this jurisdiction, and otherwise benefits from such acts of infringement in this jurisdiction.

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because Brinker regularly does business in the Northern District of Illinois, including through more than 20 restaurants in the Northern District of Illinois within 25 miles of the city of Chicago, and Brinker makes and/or uses infringing products and methods in this venue, and otherwise benefits from such acts of infringement in this venue.

10. This Court has personal jurisdiction over Plascon at least because Plascon regularly does business in Illinois, including by selling and offering to sell in this jurisdiction its Saftea Liner product for use in infringing products and methods by at least Brinker in this jurisdiction, and Plascon otherwise benefits from such acts of infringement in this jurisdiction.

11. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because Plascon regularly does business in the Northern District of Illinois, including by selling and offering to sell in this jurisdiction its Saftea Liner product for use in infringing products and methods by at least Brinker in this venue, and Plascon otherwise benefits from such acts of infringement in this venue.

12. This Court has personal jurisdiction over Wasserstrom at least because Wasserstrom regularly does business in Illinois, including by selling and offering to sell the Saftea Liner product to Brinker for use in infringing products and methods in this jurisdiction, and Wasserstrom otherwise benefits from such acts of infringement in this jurisdiction.

13. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because Wasserstrom regularly does business in the Northern District of Illinois, including by

selling and offering to sell the Saftea Liner product to Brinker for use in infringing products and methods in this venue, and Wasserstrom otherwise benefits from such acts of infringement in this venue.

## BACKGROUND

14. DS Smith is the owner by assignment of U.S. Patent No. 6,116,467 ("the '467 Patent") entitled "Beverage Dispensing System." (A true and correct copy of the '467 Patent is attached hereto as Exhibit A.)

15. The '467 Patent discloses and claims inventions relating to an innovative, hygienic, profitable, and valuable beverage dispensing system that includes a vessel (sometimes referred to as an "urn") for holding beverages, such as iced tea, having a dispensing valve, and a liner/pouch (sometimes referred to as an "urn liner") having a spout/tube for threading through the dispensing valve, which allows beverages to be held and dispensed without coming into contact with the urn or dispensing valve.

16. Rapak is an exclusive licensee of DS Smith under the '467 patent for manufacturing urn liners and other components of the patented beverage dispensing system and selling those components to certain customers within the United States.

17. Plascon makes and sells, including through its distributor, Wasserstrom, urn liners for use in infringing tea dispensing systems. Plascon refers to this liner as the "Saftea Liner." Plascon features its Saftea Liner on the homepage of its website, www.plascongroup.com. (A true and correct copy of a printout of Plascon's homepage is attached hereto as Exhibit B.) Plascon raves about the benefits of the inventions of the '467 Patent on its website. Wasserstrom also features the Saftea Liner on its website, www.wasserstrom.com. (A true and correct copy of a printout of Wasserstrom's homepage is attached hereto as Exhibit C.)

18. Plascon's website points out that the beverage dispensing system of the '467 Patent is more hygienic for users of the system, such as Brinker and its customers, than prior alternatives:

> Using disposable urn liners eliminates unwanted flavors left by a metal decanter or an unsanitary spigot. Using the easy-to-change liner removes the spigot cleaning method, ensuring the prevention of bacteria build up from spigots that are not cleaned properly. Tea decanters need to be emptied often to assure freshness and most importantly to prevent teas from molding. With the Saftea Liner™ you can count on freshness, flavor, and safe-to-drink beverages.

(*See* www.plascongroup.com/saftea-urn-liner/, a true and correct copy of which is attached hereto as Exhibit D.)

19. Plascon's website further points out that the beverage dispensing system of the '467 Patent is more profitable to users of the system, such as Brinker, than prior alternatives:

> Cleaning urns and spigots is costly and produces inconsistent results. Disposable urn liners cost less than the expense of properly cleaning urns and spigots. The Saftea™ Liner is easy to use and time efficient. The changeover process of a liner takes less than one minute compared to an estimated 10 minutes to properly disassemble, clean, and reassemble an urn and spigot.

(*Id.*)

20. Plascon's website further points out that the beverage dispensing system of the '467 Patent is more valuable to users of the system, such as Brinker, than prior alternatives:

> Today's market for Ready-To-Drink iced teas and coffees has increased dramatically in recent years. Let the value and quality of your beverages drive traffic to your restaurant or beverage station. Using Saftea™ Liners ensures a consistent and higher quality taste because the beverages they hold are free of cross-contamination, and flavors from cleaning chemicals. A better tasting product contributes to increased sales and customer satisfaction.

(*Id.*)

21. Plascon provides instructions for using its Saftea Liner in an infringing manner. For example, Plascon's website states:

> EASY AS ONE, TWO, THREE

5

    1. Unthread existing spigot. Thread on your Pinch Tube Spigot. Open spigot.

    2. Place liner in urn. Feed tube thru opening in urn and thru the spigot until tube protrudes. Close spigot.

    3. Drape liner over outer rim. Pour product in. Close lid, or cinch-tie bag and tuck inside.

(*Id.*). Plascon sells and offers for sale its Saftea Liner through its distributor, Wasserstrom, and Wasserstrom's website also includes these instructions for using the Saftea Liner in an infringing manner. (*See* Exhibit E, a true and correct copy of a printout of Wasserstrom's homepage is attached hereto).

    22.    Brinker purchases Plascon's Saftea Liner for use in beverage dispensing systems in its restaurants. Using the Saftea Liner provided by Plascon, and following the instructions provided by Plascon, Brinker makes a complete beverage dispensing system according to the claims of the '467 Patent.

    23.    By a letter sent via U.S. Mail on October 6, 2014, Plaintiffs notified Plascon that it was "making, having made, using, offering for sale, selling, and/or importing into the United States, certain urn liners for use in dispensing systems, such as the Saftea$^{TM}$ Liner that infringe the claims of the '467 Patent." Such letter constituted notice of infringement pursuant to 35 U.S.C. § 287.

    24.    By a letter sent on April 21, 2015 and received by Brinker on April 22, 2015, Plaintiffs notified Brinker that "the use of the Plascon Saftea Liner in beverage dispensing urns in [Brinker's] restaurants infringes the '467 Patent." Such letter constituted notice of infringement pursuant to 35 U.S.C. § 287.

    25.    At least as of the Plaintiffs' October 6, 2014 letter to Plascon, Plascon had actual knowledge of the '467 Patent. A reasonable opportunity for further investigation or discovery

will likely show that at least shortly thereafter, Defendant Plascon also knew that the normal, intended use of its Saftea Liner infringes and/or would induce actual infringement of the '467 Patent.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,116,467

26. Plaintiffs hereby incorporate by reference the preceding paragraphs of this Complaint.

27. On September 12, 2000, the United States Patent and Trademark Office duly and legally issued the '467 Patent. DS Smith is the owner and assignee of the '467 Patent. A copy of the '467 patent is attached as Exhibit A.

28. Defendant Brinker, in violation of 35 U.S.C. § 271(a), has been and is directly infringing the '467 patent by making and using, without license or authority, beverage dispensing systems that include as a component Plascon's Saftea Liner.

29. Defendant Plascon, in violation of 35 U.S.C. § 271(a), has been and is directly infringing the '467 patent by making and using, without license or authority, beverage dispensing systems that include its Saftea Liner as a component, including at least those shown in photographs on its website and others used for promotion, marketing, selling, demonstrating, and testing of Plascon's Saftea Liner.

30. Defendant Plascon, with knowledge of the '467 Patent at least as of about October 6, 2014, in violation of 35 U.S.C. § 271(b), has knowingly induced, and is inducing, the direct infringement of the '467 patent by making and selling the Saftea Liner and providing instructions for assembly and use of the Saftea Liner in beverage dispensing systems, with the intent to cause its customers, including Brinker, to directly infringe the '467 Patent. Defendant Plascon knows

that its customers infringe the '467 Patent by the normal and intended use of Plascon's Saftea Liner.

31. Defendant Plascon, with knowledge of the '467 Patent at least as of about October 6, 2014, in violation of 35 U.S.C. § 271(c), has contributorily infringed, and is contributorily infringing, the '467 Patent, by providing Saftea Liners to customers in the United States, including Brinker, which Saftea Liners are a material part of the patented system and are used in practicing the patented methods, knowing that the Saftea Liner is especially made and especially adapted for use in an infringement of the '467 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

32. On information and belief, and after a reasonable opportunity for further investigation and discovery, it is likely that the evidence will show that Defendant Wasserstrom, in violation of 35 U.S.C. § 271(b), has knowingly induced, and is inducing, the direct infringement of the '467 patent by selling the Saftea Liner and providing instructions for assembly and use of the Saftea Liner in beverage dispensing systems with the intent to cause its customers, including Brinker, to directly infringe the '467 Patent. Defendant Wasserstrom knows that its customers infringe the '467 Patent by the normal and intended use of Plascon's Saftea Liner.

33. On information and belief, and after a reasonable opportunity for further investigation and discovery, it is likely that the evidence will show that Defendant Wasserstrom, in violation of 35 U.S.C. § 271(c), has contributorily infringed, and is contributorily infringing, the '467 Patent by providing Saftea Liners to customers in the United States, including Brinker, which Saftea Liners are a material part of the patented system and are used in practicing the patented methods, knowing that the Saftea Liner is especially made and especially adapted for

use in an infringement of the '467 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

34. Defendants' infringement has been, and is, in willful disregard for Plaintiffs' patent rights.

35. As a result of Defendants' infringement of the '467 Patent, Plaintiffs have suffered, and are suffering, irreparable harm.

36. As a further result of Defendants' infringement of the '467 Patent, Plaintiffs have suffered damages and are entitled to monetary relief to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A. That the Court enter judgment in favor of Plaintiffs that Defendants have infringed and are infringing the '467 Patent;

B. That the Court enter a judgment finding that Defendants' infringement has been, and is, willful.

C. That the Court enter a judgment and order under 35 U.S.C. § 284 requiring Defendants to pay Plaintiffs its damages, including pre-judgment and post-judgment interest, for Defendants' infringement of the '467 Patent and that such damages be trebled;

D. That the Court find this case exceptional under 35 U.S.C. § 285, and award Plaintiffs their costs and fees in this action, including reasonable attorneys' fees and pre-judgment interest thereon;

      E.      That the Court enter an order preliminarily and permanently enjoining Defendants from infringement of the '467 Patent; and

      F.      That the Court grant Plaintiffs such other and further relief as it deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs, pursuant to Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable.

DATED:  June 29, 2015

Respectfully submitted,

/s/ Peter J. McAndrews
Peter J. McAndrews
pmcandrews@mcandrews-ip.com
David Z. Petty
dpetty@mcandrews-ip.com
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison St., 34th Floor
Chicago, IL 60661
(312) 775-8000

*Attorneys for DS Smith Plastics Limited and Rapak, LLC*