### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| DS SMITH PLASTICS LIMITED and RAPAK, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> PLASCON PACKAGING, INC., BRINKER INTERNATIONAL, INC., and THE WASSERSTROM COMPANY, <br><br> Defendants. | Civil Action No.  15-cv-5760 <br><br> Judge Gary Feinerman <br><br> Magistrate Daniel G. Martin <br><br> **JURY TRIAL DEMANDED** |

### DEFENDANT THE WASSERSTROM COMPANY'S ANSWER TO COMPLAINT, DEFENSES AND COUNTERCLAIMS

Defendant The Wasserstrom Company ("Wasserstrom") hereby answers Plaintiff DS Smith Plastics Limited's ("DS Smith") and Plaintiff Rapak, LLC's ("Rapak") complaint for patent infringement (the "Complaint") as follows:

### THE PARTIES

**PARAGRAPH NO. 1:**      Plaintiff DS Smith Plastics Limited is a corporation organized under laws of England & Wales and has a business address at 350 Euston Road, London NW1 3AX, United Kingdom. DS Smith Plastics Limited is referred to herein as "DS Smith" or, when collectively referred to with the other plaintiff, "Plaintiffs."

**ANSWER**:  Wasserstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint.

**PARAGRAPH NO. 2:**      Plaintiff Rapak, LLC is a limited liability company organized under the laws of the State of Illinois and has a principal place of business at 1201 Windham Parkway, Romeoville, Illinois 60446. Rapak, LLC is referred to herein as "Rapak" or, when referred to with the other plaintiff, "Plaintiffs." Rapak is an affiliate of DS Smith.

**ANSWER**:  Wasserstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint.

1

**PARAGRAPH NO. 3:**      Defendant Plascon Packaging, Inc. is a corporation organized under the laws of the State of Michigan and has a principal place of business at 2375 Traversefield Drive, Traverse City, Michigan 49686. Plascon Packaging, Inc. does business under the assumed name of Plascon Food Solutions and/or Plascon Group. Plascon Packaging, Inc., Plascon Food Solutions, and Plascon Group are referred to herein as "Plascon" or, when collectively referred to with the other defendants, "Defendants."

**ANSWER**:  Wasserstrom is without knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 3 of the Complaint.

**PARAGRAPH NO. 4:**      Defendant Brinker International, Inc. is a corporation organized under the laws of the State of Delaware and has a principal place of business at 6820 LBJ Freeway, Dallas, Texas 75240. Brinker International, Inc. does business through its restaurant brands, Chili's Grill & Bar and Maggiano's Little Italy. Brinker International, Inc., Chili's Grill & Bar, and Maggiano's Little Italy are referred to herein as "Brinker" or, when collectively referred to with the other defendants, "Defendants."

**ANSWER**:  Wasserstrom admits the allegations of paragraph 4 of the Complaint.

**PARAGRAPH NO. 5:**      Defendant The Wasserstrom Company is a corporation organized under the laws of the State of Ohio and has a principal place of business at 477 South Front Street, Columbus, Ohio 43215. The Wasserstrom Company is referred to herein as "Wasserstrom" or, when collectively referred to with the other defendants, "Defendants."

**ANSWER**:  Wasserstrom admits the allegations of paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

**PARAGRAPH NO. 6:**      This action is for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

**ANSWER**:  Wasserstrom admits that this is an action alleging patent infringement arising under

the acts of Congress relating to patents, namely 35 U.S.C. § 1 *et seq*., but Wasserstrom denies

any infringement.

**PARAGRAPH NO. 7:**      This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER**:  Wasserstrom admits the allegations of paragraph 7 of the Complaint.

**PARAGRAPH NO. 8:**      This Court has personal jurisdiction over Brinker at least because Brinker regularly does business in Illinois, including through more than 20 restaurants in the Northern District of Illinois within 25 miles of the city of Chicago, and Brinker makes and/or

2

uses infringing products and methods in this jurisdiction, and otherwise benefits from such acts of infringement in this jurisdiction.

**ANSWER**: Wasserstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

**PARAGRAPH NO. 9:** Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because Brinker regularly does business in the Northern District of Illinois, including through more than 20 restaurants in the Northern District of Illinois within 25 miles of the city of Chicago, and Brinker makes and/or uses infringing products and methods in this venue, and otherwise benefits from such acts of infringement in this venue.

**ANSWER**: Wasserstrom does not contest venue. Wasserstrom is without knowledge or information sufficient to form a belief as to the truth of the other allegations of paragraph 9 of the Complaint.

**PARAGRAPH NO. 10:** This Court has personal jurisdiction over Plascon at least because Plascon regularly does business in Illinois, including by selling and offering to sell in this jurisdiction its Saftea Liner product for use in infringing products and methods by at least Brinker in this jurisdiction, and Plascon otherwise benefits from such acts of infringement in this jurisdiction.

**ANSWER**: Wasserstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

**PARAGRAPH NO. 11:** Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because Plascon regularly does business in the Northern District of Illinois, including by selling and offering to sell in this jurisdiction its Saftea Liner product for use in infringing products and methods by at least Brinker in this venue, and Plascon otherwise benefits from such acts of infringement in this venue.

**ANSWER**: Wasserstrom does not contest venue. Wasserstrom is without knowledge or information sufficient to form a belief as to the truth of the other allegations of paragraph 11 of the Complaint.

**PARAGRAPH NO. 12:** This Court has personal jurisdiction over Wasserstrom at least because Wasserstrom regularly does business in Illinois, including by selling and offering to sell the Saftea Liner product to Brinker for use in infringing products and methods in this jurisdiction, and Wasserstrom otherwise benefits from such acts of infringement in this jurisdiction.

3

**ANSWER**:  Wasserstrom admits that it is subject to personal jurisdiction in this judicial district.

Wasserstrom admits that it has sold and continues to sell a product branded the Saftea Liner to

Brinker.  Wasserstrom denies each and every remaining allegation of paragraph 12 of the

Complaint.

**PARAGRAPH NO. 13:**  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because Wasserstrom regularly does business in the Northern District of Illinois, including by selling and offering to sell the Saftea Liner product to Brinker for use in infringing products and methods in this venue, and Wasserstrom otherwise benefits from such acts of infringement in this venue.

**ANSWER**:  Wasserstrom does not contest venue.  Wasserstrom admits that it has sold and

continues to sell a product branded the Saftea Liner to Brinker.  Wasserstrom denies each and

every remaining allegation of paragraph 13 of the Complaint.

## BACKGROUND

**PARAGRAPH NO. 14:**  DS Smith is the owner by assignment of U.S. Patent No. 6,116,467 ("the '467 Patent") entitled "Beverage Dispensing System." (A true and correct copy of the '467 Patent is attached hereto as Exhibit A.)

**ANSWER**:  Wasserstrom admits that Exhibit A purports to be a copy of the '467 Patent that

shows the title of the '467 Patent as "Beverage Dispensing System."  Wasserstrom is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of paragraph 14 of the Complaint.

**PARAGRAPH NO. 15:**  The '467 Patent discloses and claims inventions relating to an innovative, hygienic, profitable, and valuable beverage dispensing system that includes a vessel (sometimes referred to as an "urn") for holding beverages, such as iced tea, having a dispensing valve, and a liner/pouch (sometimes referred to as an "urn liner") having a spout/tube for threading through the dispensing valve, which allows beverages to be held and dispensed without coming into contact with the urn or dispensing valve.

**ANSWER**:  For its answer to paragraph 15 of the Complaint, Wasserstrom states that the '467 Patent speaks for itself and denies the allegations of paragraph 15 of the Complaint to the extent they are inconsistent with the '467 Patent and/or not apparent from the face of the '467 Patent.

4

Further answering, Wasserstrom denies that the '467 Patent relates to an innovative, hygienic, profitable, and valuable beverage dispensing system.

**PARAGRAPH NO. 16:** Rapak is an exclusive licensee of DS Smith under the '467 patent for manufacturing urn liners and other components of the patented beverage dispensing system and selling those components to certain customers within the United States.

**ANSWER**: Wasserstrom is without knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 16 of the Complaint.

**PARAGRAPH NO. 17:** Plascon makes and sells, including through its distributor, Wasserstrom, urn liners for use in infringing tea dispensing systems. Plascon refers to this liner as the "Saftea Liner." Plascon features its Saftea Liner on the homepage of its website, www.plascongroup.com. (A true and correct copy of a printout of Plascon's homepage is attached hereto as Exhibit B.) Plascon raves about the benefits of the inventions of the '467 Patent on its website. Wasserstrom also features the Saftea Liner on its website, www.wasserstrom.com. (A true and correct copy of a printout of Wasserstrom's homepage is attached hereto as Exhibit C.)

**ANSWER**: Wasserstrom admits that Wasserstrom distributes the Saftea Liner from Plascon.

Wasserstrom admits that the Saftea Liner appears on Exhibit B to the Complaint, which

Plaintiffs purport to be the homepage of Plascon's website. Wasserstrom admits that the Saftea

Liner appears on Exhibit C to the Complaint, which shows a portion of Wasserstrom's website.

Wasserstrom denies each and every remaining allegation of paragraph 17 of the Complaint.

**PARAGRAPH NO. 18:** Plascon's website points out that the beverage dispensing system of the '467 Patent is more hygienic for users of the system, such as Brinker and its customers, than prior alternatives:

> Using disposable urn liners eliminates unwanted flavors left by a metal decanter or an unsanitary spigot. Using the easy-to-change liner removes the spigot cleaning method, ensuring the prevention of bacteria build up from spigots that are not cleaned properly. Tea decanters need to be emptied often to assure freshness and most importantly to prevent teas from molding. With the Saftea Liner$^{TM}$ you can count on freshness, flavor, and safe-to-drink beverages.

(*See* www.plascongroup.com/saftea-urn-liner/, a true and correct copy of which is attached hereto as Exhibit D.)

**ANSWER**: Wasserstrom admits that Exhibit D to the Complaint, which Plaintiffs purport shows

Plascon's website, contains the language:

5

> Using disposable urn liners eliminates unwanted flavors left by a metal decanter or an unsanitary spigot. Using the easy-to-change liner removes the spigot cleaning method, ensuring the prevention of bacteria build up from spigots that are not cleaned properly. Tea decanters need to be emptied often to assure freshness and most importantly to prevent teas from molding. With the Saftea Liner[TM] you can count on freshness, flavor, and safe-to-drink beverages.

Further answering, Wasserstrom denies each and every remaining allegation of paragraph 18 of

the Complaint.

**PARAGRAPH NO. 19:**     Plascon's website further points out that the beverage dispensing system of the '467 Patent is more profitable to users of the system, such as Brinker, than prior alternatives:

> Cleaning urns and spigots is costly and produces inconsistent results. Disposable urn liners cost less than the expense of properly cleaning urns and spigots. The Saftea[TM] Liner is easy to use and time efficient. The changeover process of a liner takes less than one minute compared to an estimated 10 minutes to properly disassemble, clean, and reassemble an urn and spigot.

(*Id.*)

**ANSWER**:  Wasserstrom admits that Exhibit D to the Complaint, which Plaintiffs purport shows

Plascon's website, contains the language:

> Cleaning urns and spigots is costly and produces inconsistent results. Disposable urn liners cost less than the expense of properly cleaning urns and spigots. The Saftea[TM] Liner is easy to use and time efficient. The changeover process of a liner takes less than one minute compared to an estimated 10 minutes to properly disassemble, clean, and reassemble an urn and spigot.

Further answering, Wasserstrom denies each and every remaining allegation of paragraph 19 of

the Complaint.

**PARAGRAPH NO. 20:**     Plascon's website further points out that the beverage dispensing system of the '467 Patent is more valuable to users of the system, such as Brinker, than prior alternatives:

> Today's market for Ready-To-Drink iced teas and coffees has increased dramatically in recent years. Let the value and quality of your beverages drive traffic to your restaurant or beverage station. Using Saftea[TM] Liners ensures a consistent and higher quality taste because the beverages they hold are free of cross-contamination, and flavors from cleaning chemicals. A better tasting product contributes to increased sales and customer satisfaction.

(*Id.*)

**ANSWER**:  Wasserstrom admits that Exhibit D to the Complaint, which Plaintiffs purport shows

Plascon's website, contains the language:

> Today's market for Ready-To-Drink iced teas and coffees has increased dramatically in recent years. Let the value and quality of your beverages drive traffic to your restaurant or beverage station. Using Saftea$^{TM}$ Liners ensures a consistent and higher quality taste because the beverages they hold are free of cross-contamination, and flavors from cleaning chemicals. A better tasting product contributes to increased sales and customer satisfaction.

Further answering, Wasserstrom denies each and every remaining allegation of paragraph 20 of

the Complaint.

**PARAGRAPH NO. 21:**     Plascon  provides  instructions  for  using  its  Saftea  Liner  in  an infringing manner.  For example, Plascon's website states:
EASY AS ONE, TWO, THREE
1.      Unthread existing spigot. Thread on your Pinch Tube Spigot. Open spigot.
2.      Place liner in urn. Feed tube thru opening in urn and thru the spigot until tube protrudes. Close spigot.
3.      Drape liner over outer rim. Pour product in. Close lid, or cinch-tie bag and tuck inside.
(*Id.*). Plascon sells and offers for sale its Saftea Liner through its distributer, Wasserstrom, and Wasserstrom's website also includes these instructions for using the Saftea Liner in an infringing manner. (*See* Exhibit E, a true and correct copy of a printout of Wasserstrom's homepage is attached hereto).

**ANSWER**:  Wasserstrom admits that Exhibit D to the Complaint, which Plaintiffs purport shows

Plascon's website, contains the language:

> EASY AS ONE, TWO, THREE
> 1.      Unthread existing spigot. Thread on your Pinch Tube Spigot. Open spigot.
> 2.      Place liner in urn. Feed tube thru opening in urn and thru the spigot until tube protrudes. Close spigot.
> 3.      Drape liner over outer rim. Pour product in. Close lid, or cinch-tie bag and tuck inside.

Further answering, Wasserstrom admits that Wasserstrom distributes the Saftea Liner

from Plascon.  Wasserstrom admits that Exhibit E to the Complaint, which shows

Wasserstrom's website, contains the language:

7

1. Unthread existing spigot. Thread on your Pinch Tube Spigot. Open spigot.
2. Place liner in urn. Feed tube thru opening in urn and thru the spigot until tube protrudes. Close spigot.
3. Drape liner over outer rim. Pour product in. Close lid, or cinch-tie bag and tuck inside.

Further answering, Wasserstrom denies each and every remaining allegation of paragraph

21 of the Complaint.

**PARAGRAPH NO. 22:** Brinker purchases Plascon's Saftea Liner for use in beverage dispensing systems in its restaurants. Using the Saftea Liner provided by Plascon, and following the instructions provided by Plascon, Brinker makes a complete beverage dispensing system according to the claims of the '467 Patent.

**ANSWER**: Wasserstrom admits that Brinker purchases the Saftea Liner from Wasserstrom.

Wasserstrom denies each and every remaining allegation of paragraph 22 of the Complaint.

**PARAGRAPH NO. 23:** By a letter sent via U.S. Mail on October 6, 2014, Plaintiffs notified Plascon that it was "making, having made, using, offering for sale, selling, and/or importing into the United States, certain urn liners for use in dispensing systems, such as the Saftea$^{TM}$ Liner that infringe the claims of the '467 Patent." Such letter constituted notice of infringement pursuant to 35 U.S.C. § 287.

**ANSWER**: Wasserstrom is without knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 23 of the Complaint.

**PARAGRAPH NO. 24:** By a letter sent on April 21, 2015 and received by Brinker on April 22, 2015, Plaintiffs notified Brinker that "the use of the Plascon Saftea Liner in beverage dispensing urns in [Brinker's] restaurants infringes the '467 Patent." Such letter constituted notice of infringement pursuant to 35 U.S.C. § 287.

**ANSWER**: Wasserstrom is without knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 24 of the Complaint.

**PARAGRAPH NO. 25:** At least as of the Plaintiffs' October 6, 2014 letter to Plascon, Plascon had actual knowledge of the '467 Patent. A reasonable opportunity for further investigation or discovery will likely show that at least shortly thereafter, Defendant Plascon also knew that the normal, intended use of its Saftea Liner infringes and/or would induce actual infringement of the '467 Patent.

**ANSWER**:  Wasserstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,116,467

**PARAGRAPH NO. 26:**    Plaintiffs hereby incorporate by reference the preceding paragraphs of this Complaint.

**ANSWER**:   Wasserstrom re-alleges and incorporates by reference herein its responses to paragraphs 1 to 25.

**PARAGRAPH NO. 27:**    On September 12, 2000, the United States Patent and Trademark Office duly and legally issued the '467 Patent. DS Smith is the owner and assignee of the '467 Patent. A copy of the '467 patent is attached as Exhibit A.

**ANSWER**:  Wasserstrom admits that Exhibit A purports to be a copy of the '467 Patent and shows an issue date of September 12, 2000.  Wasserstrom further admits that the United States Patent and Trademark Office issued the '467 Patent.  Wasserstrom is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27 of the Complaint.

**PARAGRAPH NO. 28:**    Defendant Brinker, in violation of 35 U.S.C. § 271(a), has been and is directly infringing the '467 patent by making and using, without license or authority, beverage dispensing systems that include as a component Plascon's Saftea Liner.

**ANSWER**:  Wasserstrom denies each and every allegation of paragraph 28 of the Complaint.

**PARAGRAPH NO. 29:**    Defendant Plascon, in violation of 35 U.S.C. § 271(a), has been and is directly infringing the '467 patent by making and using, without license or authority, beverage dispensing systems that include its Saftea Liner as a component, including at least those shown in photographs on its website and others used for promotion, marketing, selling, demonstrating, and testing of Plascon's Saftea Liner.

**ANSWER**:  Wasserstrom denies each and every allegation of paragraph 29 of the Complaint.

**PARAGRAPH NO. 30:**    Defendant Plascon, with knowledge of the '467 Patent at least as of about October 6, 2014, in violation of 35 U.S.C. § 271(b), has knowingly induced, and is inducing, the direct infringement of the '467 patent by making and selling the Saftea Liner and providing instructions for assembly and use of the Saftea Liner in beverage dispensing systems, with the intent to cause its customers, including Brinker, to directly infringe the

'467 Patent. Defendant Plascon knows that its customers infringe the '467 Patent by the normal and intended use of Plascon's Saftea Liner.

**ANSWER**: Wasserstrom is without knowledge or information sufficient to form a belief as to the truth of any allegation of paragraph 30 of the Complaint regarding Plascon's knowledge of the '467 Patent. Wasserstrom denies each and every remaining allegation of paragraph 30 of the Complaint.

**PARAGRAPH NO. 31:** Defendant Plascon, with knowledge of the '467 Patent at least as of about October 6, 2014, in violation of 35 U.S.C. § 271(c), has contributorily infringed, and is contributorily infringing, the '467 Patent, by providing Saftea Liners to customers in the United States, including Brinker, which Saftea Liners are a material part of the patented system and are used in practicing the patented methods, knowing that the Saftea Liner is especially made and especially adapted for use in an infringement of the '467 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER**: Wasserstrom is without knowledge or information sufficient to form a belief as to the truth of any allegation of paragraph 31 of the Complaint regarding Plascon's knowledge of the '467 Patent. Wasserstrom denies each and every remaining allegation of paragraph 31 of the Complaint.

**PARAGRAPH NO. 32:** On information and belief, and after a reasonable opportunity for further investigation and discovery, it is likely that the evidence will show that Defendant Wasserstrom, in violation of 35 U.S.C. § 271(b), has knowingly induced, and is inducing, the direct infringement of the '467 patent by selling the Saftea Liner and providing instructions for assembly and use of the Saftea Liner in beverage dispensing systems with the intent to cause its customers, including Brinker, to directly infringe the '467 Patent. Defendant Wasserstrom knows that its customers infringe the '467 Patent by the normal and intended use of Plascon's Saftea Liner.

**ANSWER**: Wasserstrom denies each and every allegation of paragraph 32 of the Complaint.

**PARAGRAPH NO. 33:** On information and belief, and after a reasonable opportunity for further investigation and discovery, it is likely that the evidence will show that Defendant Wasserstrom, in violation of 35 U.S.C. § 271(c), has contributorily infringed, and is contributorily infringing, the '467 Patent by providing Saftea Liners to customers in the United States, including Brinker, which Saftea Liners are a material part of the patented system and are used in practicing the patented methods, knowing that the Saftea Liner is especially made and especially adapted for use in an infringement of the '467 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

10

**ANSWER**: Wasserstrom denies each and every allegation of paragraph 33 of the Complaint.

**PARAGRAPH NO. 34:**    Defendants' infringement has been, and is, in willful disregard for Plaintiffs' patent rights.

**ANSWER**: Wasserstrom denies each and every allegation of paragraph 34 of the Complaint.

**PARAGRAPH NO. 35:**    As a result of Defendants' infringement of the '467 Patent, Plaintiffs have suffered, and are suffering, irreparable harm.

**ANSWER**: Wasserstrom denies each and every allegation of paragraph 35 of the Complaint.

**PARAGRAPH NO. 36:**    As a further result of Defendants' infringement of the '467 Patent, Plaintiffs have suffered damages and are entitled to monetary relief to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

**ANSWER**: Wasserstrom denies each and every allegation of paragraph 36 of the Complaint.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

1.    The claims of the '467 Patent are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Second Affirmative Defense**

2.    Wasserstrom has not infringed and does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '467 Patent.

**Third Affirmative Defense**

3.    The doctrine of Prosecution History Estoppel prevents Plaintiffs from construing any claim of the '467 Patent to cover and/or include any acts of Wasserstrom or any products made, used, offered for sale, sold or imported into the United States by Wasserstrom because of amendments, disclaimers, disavowals, admissions, representations, arguments, and/or statements

11

made by, or on behalf of, the applicants for the '467 Patent during proceedings in the United States Patent and Trademark Office.

## Fourth Affirmative Defense

4.     Wasserstrom has a reasonable belief in the invalidity and/or non-infringement of the '467 Patent so as to preclude findings of inducing infringement and willful infringement.

## Fifth Affirmative Defense

5.     There is no objectively high likelihood of infringement of a valid patent that is known or so obvious that it should have been known to Wasserstrom.  Therefore, a finding of willful infringement is precluded.

## Sixth Affirmative Defense

6.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## Seventh Affirmative Defense

7.     Plaintiffs' claims for relief and prayer for damages are limited by 35 U.S.C. § 286.

## Eighth Affirmative Defense

8.     Plaintiffs are barred under 35 U.S.C. § 288 from recovering costs in connection with this action.

## Ninth Affirmative Defense

9.     Plaintiffs are not entitled to any injunctive relief against Wasserstrom because any alleged injury to Plaintiffs as a result of Wasserstrom's alleged activities is not immediate or irreparable and Plaintiffs have an adequate remedy at law.

**Tenth Affirmative Defense**

10.     Plaintiffs are barred from recovering damages allegedly incurred prior to the date of the Complaint because Plaintiffs and/or their licensees failed to mark or cause to be marked products sold commercially and covered by one or more claims of the '467 Patent pursuant to 35 U.S.C. § 287.

**COUNTERCLAIMS**

Pursuant to Rule 13(a) of the Federal Rules of Civil Procedure, Defendant/Counterclaimant Wasserstrom, for its Counterclaims, alleges as follows:

1.     Wasserstrom's corporate status is as set forth in paragraph 5 of the Complaint.

2.     Based on representations in the Complaint, Plaintiff/Counterclaim-Defendant DS Smith is a corporation organized under the laws of England and Wales and has a business address at 350 Euston Road, London NW1 3AX, United Kingdom.

3.     Based on representations in the Complaint, Plaintiff/Counterclaim-Defendant Rapak is a limited liability company organized under the laws of the State of Illinois and has a principal place of business at 1201 Windham Parkway, Romeoville, Illinois 60446.

**JURISDICTION AND VENUE**

4.     Wasserstrom's Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and under the patent laws of the United States, 35 U.S.C. 1 *et seq.*

5.     The Court has subject-matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338.

6.     Plaintiffs/Counterclaim-Defendants are subject to personal jurisdiction in this Court based at least on their presence, residence, activities, and/or the Complaint filed in this District.

13

7. Based at least on Plaintiffs/Counterclaim-Defendants' Complaint in this matter, a real and actual controversy exists between Wasserstrom and Plaintiffs/Counterclaim-Defendants regarding whether the '467 Patent is valid and/or has been or is being infringed.

8. Venue within this District is proper pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

## GENERAL ALLEGATION

9. DS Smith purports to be the owner of U.S. Patent No. 6,116,467 (the "'467 Patent") entitled "Beverage Dispensing System" that issued on September 12, 2000. *See* Complaint, ¶ 14, Exhibit A.

## FIRST COUNTERCLAIM:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

10. Wasserstrom incorporates by reference paragraphs 1 through 9 of the Counterclaims above as if fully set forth herein.

11. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Wasserstrom and Plaintiffs/Counterclaim-Defendants as to whether Wasserstrom's actions infringed or currently infringe any claim of the '467 Patent.

12. Wasserstrom has not and does not infringe, either directly or indirectly, either literally or under the doctrine of equivalents, any claim of the '467 Patent.

13. Plaintiffs/Counterclaim-Defendants are estopped by the prosecution history of the '467 Patent from asserting positions that might otherwise permit Plaintiffs to improperly extend the scope of the '467 Patent through the doctrine of equivalents in such a manner as to create a fact issue regarding the infringement allegations in the Complaint.

14. Wasserstrom is therefore entitled to a declaration from this Court that Wasserstrom has not infringed and does not infringe any claim of the '467 Patent.

15. Furthermore, Wasserstrom is entitled to a declaration that Plaintiffs/Counterclaim-Defendants' conduct in asserting infringement against Wasserstrom makes the case exceptional under 35 U.S.C. § 285, entitling Wasserstrom to an award of its costs and attorneys' fees.

## SECOND COUNTERCLAIM:
## DECLARATORY JUDGMENT OF INVALIDITY

16. Wasserstrom incorporates by reference paragraphs 1 through 15 of the Counterclaims above as if fully set forth herein.

17. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Wasserstrom and Plaintiffs/Counterclaim-Defendants as to the validity of the claims of the '467 Patent.

18. Each claim of the '467 Patent is invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

19. Wasserstrom is therefore entitled to a declaration from this Court that the '467 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Wasserstrom prays that this Court enter judgment against Plaintiffs/Counterclaim-Defendants and in Wasserstrom's favor granting the following relief:

A. A judgment against Plaintiffs/Counterclaim-Defendants and an order that Plaintiffs/Counterclaim-Defendants take nothing by way of their Complaint in this matter;

B. A declaration that Wasserstrom does not infringe any claim of the '467 Patent;

15

C.       A declaration that the '467 Patent is invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112;

D.       An award to Wasserstrom of its reasonable attorneys' fees and costs of suit incurred herein pursuant to 35 U.S.C. § 285; and

E.       Any such other relief as the Court deems just and proper.

## JURY DEMAND

Wasserstrom demands trial by jury on all issues so triable in this matter.

Respectfully submitted,

Dated:  August 7, 2015         By:     s/ Cole B. Richter
                                        Cole B. Richter (ID No. 6315686)
                                        (richter@mbhb.com)
                                        Leif R. Sigmond, Jr. (ID No. 6204980)
                                        (sigmond@mbhb.com)
                                        300 South Wacker Drive
                                        Chicago, Illinois 60606
                                        Tel.: (312) 913-0001
                                        Fax: (312) 913-0002

                                        **McDonnell Boehnen Hulbert & Berghoff LLP**
                                        300 South Wacker Drive
                                        Chicago, Illinois 60606
                                        Tel.: (312) 913-0001
                                        Fax: (312) 913-0002

                                        *Attorneys for Defendant,*
                                        **THE WASSERSTROM COMPANY**

16

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2015 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/ Cole B. Richter

17